1  CHRISTOPHER J. RILLO (SBN 112009)
   RILLO LAW GROUP
2  111 Pine St.
   Suite 1400
3  San Francisco, CA 94111

4
   Telephone: (415) 704-7433
5  Facsimile: (415) 358-5650
   crillo@rillolaw.com
6

7  Attorneys for Plaintiffs
   XIANG HUAN SITU, an individual, and
8  BIQI ZHAO, an individual

9

10                    **IN THE UNITED STATES DISTRICT COURT**

11             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12  XIONG MAN SITU, an individual, and          Case No.:
    BIQI ZHAO, an individual,
13
                                                **COMPLAINT AND JURY**
14            Plaintiffs,                        **DEMAND**

15        v.

16  EUGENE WONG, an individual,
    CONNIE CHAN, an individual,
17  DAVID CHUN, an individual,
    BILL WONG, an individual,
18  MATTHEW TSAI, an individual,
19  LELAND WONG, an individual, and UMC
    FOOD  CORPORATION,  a  California
20  corporation, and DOES 1 through 20,

21            Defendants.
22

23

24       Plaintiffs Xiong Man Situ and Biqi Zhao (hereinafter the "Situs"), by their counsel,

25  complain of defendants as follows:

26

27

28

1.     This action is to recover misappropriated funds which were entrusted for the Situ's application for permanent residency status under the EB-5 program sponsored by the U.S. Department of Homeland Services.

2.     As set forth below, defendants conspired to defraud the Situs of their funds.

## I.    PARTIES

3.     Plaintiff Xiong Man Situ is a resident of Zhu Hai, China.

4.     Plaintiff Biqi Zhao is a resident of Zhu Hai, China and is the wife of plaintiff Xiong Man Situ.

5.     Defendant Eugene Wong (hereinafter "E. Wong") is a resident of, based upon information and belief, Berkeley, California. Defendant E. Wong practices law in San Francisco and is not a member of the State Bar of California, but is a member of the State Bar of Washington. Defendant E. Wong claims that he is not required to be a member of the California State Bar because his practice is purportedly solely limited to federal immigration matters. Based on information and belief, E. Wong's practice regularly exceeds the scope of immigration matters.

6.     Defendant Connie Chan (hereinafter "Chan") is a resident of, based upon information and belief, Berkeley, California. Defendant Chan is a member of the State Bar of California. Defendant E. Wong is married to defendant Chan and they operate as a partnership sharing office space and clients. Both defendant E. Wong and defendant Chan provided legal services to the Situs.

7.     Defendant David Chun (hereinafter "Chun") is a resident, based upon information and belief, of San Pablo, California. Defendant Chan was an organizing partner with E. Wong and Chan and later became a director of UMC Food Corporation.

8. Defendant Bill Wong (hereinafter "B. Wong") is a resident, based upon information and belief, of Oakland, California. Defendant B. Wong was an organizing partner with E. Wong and Chan and later became director of UMC Food Corporation.

9. Defendant Matthew Tsai (hereinafter "Tsai") is a resident, based upon information and belief, of Berkeley, California. Defendant Tsai was an organizing partner with E. Wong and Chan and later became a director of UMC Food Corporation.

10. Defendant Leland Wong (hereinafter "L. Wong") is a resident, based upon information and belief, of San Francisco, California. Defendant Wong was an organizing partner with E. Wong and Chan and later became a director of UMC Food Corporation.

11. Plaintiffs are unaware of the identities of the defendants sued herein as DOES 1 through 20. Plaintiffs believe that these individuals or entities that were agents or actors of the named defendants and acted wrongfully to deprive plaintiffs of their rights. Pursuant to California Code of Civil Procedure § 452, plaintiffs will amend their complaint to add these parties as soon as their identities are ascertained through discovery.

## II. JURISIDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and in excess of $75,000 exclusive of interest and costs are in dispute.

13. Venue is proper in this district as the acts that gave rise to this claim occurred in this district and defendants are located here. 28 U.S.C. § 1391.

## III. GENERAL CHARGING ALLEGATIONS

14. In 2012 the Situs, who owned and operated a successful business in China, desired to seek permanent resident status in the United States under the EB-5 program. Briefly

COMPLAINT AND JURY DEMAND
- 3 -

1   summarized, the EB-5 program was created in 1990 to stimulate the United States economy
2   through job creation and capital investment by immigrant investors investing in troubled
3   domestic businesses or creating new ones. There are two programs available which require,
4   *inter alia*, investments of either $500,000 or $1 million. The U.S. Citizenship and Immigration
5
6   Service administers the EB-5 program and has promulgated regulations implementing the
7   program.

8       15.     Defendants E. Wong and Chan advertised in the Chinese community in the
9   United States and China holding themselves out as experts in the EB-5 program. Defendant E.
10
    Wong advertised on Chinese language cable television and other media seeking Chinese clients
11
12  who desired to enter the United States through the EB-5 program. Defendant C. Chan and C.
13  Wong jointly represent clients and jointly represented the Situs, performing legal services for
14  plaintiffs through last March 2013. Defendants also signed a tolling agreement to toll the statute
15  of limitations.

16      16.     The Situs saw these advertisements, relied upon them and retained defendants E.
17
    Wong and Chan for their application. The Situs, who are not fluent in English, requested Joyce
18
19  Liang, a naturalized citizen who is from the Situ's home town, to assist them with their
20  application and dealings with defendants Wong and Chan. Defendants E. Wong and Chan knew
21  of Liang's relationship and also had the Situ's contact information which they could use to
22
    contact the Situs directly. Both E Wong and Chan are fluent in Mandarin and other Chinese
23
    dialects and could communicate directly with the Situs, but chose not to do so.
24

25      17.     Although defendant E. Wong claimed he was an attorney who was admitted only
26  to the State Bar of Washington, he conducted all of his law practice from a San Francisco office
27
28

and thus would be held to the legal and ethical standards applicable to California attorneys. In fact, E. Wong's practice often went beyond immigration practice.

18.     Defendants E. Wong and Chan never prepared an attorney fee agreement that complied with the State Bar Act and the California Rules of Professional Conduct. Defendants E. Wong and Chan advised the Situs that they could qualify under the EB-5 program and that they should invest in an existing business which was a massage school based in Berkeley, California. Defendants E. Wong and Chan advised that the massage school would be a qualified investment under the immigration program and requested the Situs to wire transfer $500,000 in funds to their attorney trust account.

19.     In May 2012, based upon defendants' representations, the Situs wired $500,000 to defendants E. Wong's attorney trust account.

20.     After defendants E. Wong and Chan received the Situs' funds, defendants decided to change the EB-5 investment to UMC Food Corporation ("UMC"), a start up business that was going to act as a meat broker for export and domestic sales.

21.     Without authorization from the Situs, defendants E. Wong and Chan transferred the Situs' funds from their attorney trust account to their general trust account and thereafter transferred the funds to UMC's general account.

22.     Defendant E. Wong had a substantial equity interest in UMC, which was at the time of the funds transfer an incorporated entity. Defendants E. Wong and Chan never complied with Rule 3-300 of the California Rules of Professional Conduct and other pertinent ethical requirements in disclosing and thereafter obtaining an informed consent for the conflict of interest caused by defendant Wong's investment in UMC.

COMPLAINT AND JURY DEMAND
- 5 -

23. Defendants E. Wong, Chan, Chun, B. Wong, Tsai and L. Wong claimed to own the entity and acted in furtherance of the entity's interests. Said defendants entered into an agreement to convert the Situ's investment for their own purposes. Defendants were and are general partners and agents of each other and are liable vicariously for each other's acts.

24. Following the transfer of the Situs' monies to UMC, defendants disbursed and used the funds for their own account.

a. Specifically, defendant L. Wong, who was purportedly the chief executive of the entity, took excessive compensation and also looted the entity by transferring funds to a company controlled by his wife;

b. Defendant E. Wong transferred over $60,000 in one month from UMC accounts to his business account claiming the funds were due for "legal fees."

25. The Situs provided virtually all of the capital for UMC, but received no documented equity stake. When defendant E. Wong was later asked in March 2013 what equity stake the Situs owned in exchange for their substantial investment, he replied that they would receive only 10% of the partnership or entity even though they provided virtually all of the capital for the firm. Defendant E. Wong and other individual defendants, who contributed no funds, received equivalent equity stakes.

26. Defendants E. Wong and Chan never notified the Situs that the transfer to UMC had been made and in fact actively concealed the transfer of the Situs' funds to UMC. When Liang inquired into whether the Situs' monies were safe in the attorney trust account, defendant Chan provided an excerpt of UMC's bank statement that showed the funds deposited. The excerpt contained no information identifying the bank statement as UMC's account and Chan

1  falsely represented that the exhibit was from the attorney trust account and it purportedly

2  demonstrated that the funds had not been transferred from the trust account.

3      27.    UMC has not transacted any substantive business. The $500,000 in funds

4
5  provided by the Situs has been totally dissipated and used for defendants' personal benefits.

6                      **FIRST CAUSE OF ACTION**

7                      **Professional Negligence**
                        **(Plaintiffs v. E. Wong and Chan)**
8

9      28.    Plaintiffs repeat and reallege all allegations contained in paragraphs 1

10 through 26 as if fully set forth herein.

11     29.    This claim is for professional negligence.

12     30.    In representing plaintiffs, defendants E. Wong's and Chan's actions breached

13
   the applicable standard of care by committing, *inter alia*, the following actions:
14

15         a.    Transferring the Situs' funds from E. Wong's attorney client trust account

16 to the general account without authorization and then investing it in UMC accounts where it was

17 dissipated by all defendants;

18         b.    Investing the Situs' funds, in their capacity as E. Wong's and Chan's

19
   client, into UMC, a business in which E. Wong and Chan (either directly or as community
20
   property) owned a substantial equity stake, without disclosing that E. Wong owned the equity
21
22 stake and without obtaining written informed consent for such investment.

23     31.    As a direct and proximate result of defendants' actions, and each of them,

24 plaintiffs have been damaged in an amount to be proven at trial but not less than $500,000.

25

26

27

28

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty
### (Plaintiffs v. E. Wong and Chan)

32.  Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.  This claim is for breach of fiduciary duty.

34.  By virtue of entering into an attorney-client relationship with plaintiffs, defendant E. Wong and Chan were plaintiffs' fiduciaries and were obligated, *inter alia*, to place plaintiffs' interests before their own and to make full and complete disclosure to plaintiffs.

35.  Defendants E. Wong and Chan violated their fiduciary obligations through, *inter alai*, the following actions:

a.  Taking the Situs' funds without authorization from their trust account and investing same in UMC;

b.  Investing the Situs' funds in UMC, a business in which E. Wong owned a substantial equity interest;

c.  Misrepresenting to the Situs' agent the location and safety of the Situ's funds, stating falsely that they remained in an attorney trust account;

d.  Misappropriating the Situs' funds by directing UMC to repay over $60,000 of the Situ's funds from UMC directly to E. Wong and Chan.

36.  As a direct and proximate result of defendants' actions and each of them, plaintiffs have been damaged in an amount to be proven at trial, but not less than $500,000.

COMPLAINT AND JURY DEMAND
- 8 -

37.    Defendants E. Wong and Chan acted willfully or with conscious disregard of plaintiffs' rights to violate plaintiffs' fiduciary rights. Plaintiffs accordingly demand that they be awarded punitive and exemplary damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Civil Conspiracy and Conversion
### (Plaintiffs v. All Defendants)

38.    Plaintiffs repeat and reallege all claims contained in paragraphs 1 through 37 as if fully set forth herein.

39.    This claim is against all defendants for civil conspiracy and conversion.

40.    Defendants and each of them entered into a civil conspiracy to convert plaintiffs' property, the funds in defendant E. Wong's trust account, for their own purposes. The funds were converted to invest purportedly in UMC but were in reality largely taken by all defendants for their purposes.

41.    As a direct and proximate result of defendants' actions, plaintiffs have been damaged in an amount to be proven at trial, but not less than $500,000 which amount together with interest and costs plaintiffs demand jointly and severally from defendants.

42.    Defendants acted willfully or with conscious disregard of plaintiffs' rights by converting plaintiffs' funds. Plaintiffs accordingly demand that they be awarded punitive and exemplary damages in an amount to be determined at trial.

///

///

///

///

1

## FOURTH CAUSE OF ACTION

2

3

### Breach of Contract
### (Plaintiffs v. E. Wong and C. Chan)

4

5

43.     Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 42

6

as if fully set forth herein.

7

44.     This claim is for breach of an implied contract.

8

45.     Although defendants E. Wong and Chan failed to provide a written attorney client

9

fee agreement to the Situs in violation of their duties as California attorneys, they entered into an

10

implied contract to represent clients in accordance with their obligations under the California

11

Code of Professional Conduct and other law.

12

13

46.     Defendants breached their contract, *inter alia*, by misappropriating client funds.

14

47.     As a direct and proximate result of defendants' actions, and each of them,

15

plaintiffs have been damaged in an amount of at least $500,000, which amounts together with

16

interest and costs, plaintiffs demand for defendants jointly and severally.

17

18

## FIFTH CAUSE OF ACTION

19

### Constructive Trust
### (Plaintiffs v. UMC)

20

21

48.     Plaintiffs repeat and reallge all allegations contained in paragraphs 1 through 47

22

as if fully set forth herein.

23

49.     This claim is for constructive trust.

24

50.     UMC received plaintiffs' funds without authorization, but plaintiffs were never

25

issued shares or any equitable nature.

26

27

51.     This Court should exercise its equitable powers to issue an equitable trust over all

28

of UMC's assets.

COMPLAINT AND JURY DEMAND
- 10 -

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs accordingly demand judgment as follows:

1.  For damages according to proof on all claims;

2.  For punitive and exemplary damages according to proof on the second and third causes of action;

3.  For an equitable trust on the Fifth Cause of Action;

4.  For prejudgment interest and costs of suit on all claims;

5.  For such further and other relief as this Court deems just and proper.

Dated: *October 31, 2013*          RILLO LAW GROUP

Christopher J. Rillo
Attorneys for Plaintiffs
XIONG MAN SITU, an individual,
and BIQI ZHAO, an individual

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution and Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand trial by jury on all issues that are eligible for jury trial.

Christopher J. Rillo