UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| XIONG MAN SITU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EUGENE WONG, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-05102 JD   (NJV)<br><br>**ORDER DISMISSING PETITION FOR ORDER TO SHOW CAUSE AND MOTION TO ENFORCE JUDGMENT**<br><br>Dkt. Nos. 63, 70 |

The district court entered an order on January 6, 2015, referring Plaintiffs' Petition for an Order to Show Cause In Contempt to the undersigned. (Doc. 67.)  Plaintiffs subsequently filed a related Motion to Enforce Judgment, setting that matter before the undersigned.  (Doc. 70.)  On January 27, 2015, the undersigned entered an order pursuant to Local Civil Rule 7-1(b) finding these matters suitable for decision without oral argument and taking them under submission on the papers.  (Doc. 75.)  For the reasons discussed below, the court will dismiss Plaintiffs' motions.

## PROCEDURAL HISTORY

The undersigned conducted a settlement conference in this case on July 17, 2014, at which a settlement was reached.  (Doc. 56.)  The terms of the settlement were read into the record. *Id*. On July 18, 2014, Plaintiffs filed a notice of settlement.[1]  (Doc. 57.)  On July 21, 2015, District Judge Donato entered an order conditionally dismissing the case.  (Doc. 58.)  On December 23,

---

[1] The text of the Notice of Settlement filed by Plaintiffs on July 18, 2014, provides as follows: "Please take notice that the parties settled this action at the settlement conference before the Honorable Nandor Vadas, United States Magistrate Judge.  Although the settlement is subject to the parties signing a settlement agreement, the basic deal points were recited on the record by all parties."

1    2014, Plaintiffs filed the Petition for an Order to Show Cause in Contempt now pending before

2    this court. (Doc. 63.) On January 13, 2015, Plaintiffs filed a related Motion to Enforce Judgment,

3    setting that matter before the undersigned. (Doc. 70.)

## DISCUSSION

In their Petition for an Order to Show Cause in Contempt, Plaintiffs assert that under the terms of the written settlement agreement entered into by the parties, Defendants William Wong, Leland Wong, David Chun, Matthew Tsai, and the UMC Ford Corporation ("the UMC Defendants") were obligated to pay the sum of $140,000 to Plaintiffs' attorney's trust account on or before December 10, 2014. (Doc. 63.) Plaintiffs attach as Exhibit A to their Petition a copy of the settlement agreement. Plaintiffs further assert that "the parties agreed and the Court ordered" that failure to perform may be punished by civil contempt, citing paragraph 19 of the settlement agreement. Plaintiffs claim that the UMC Defendants have failed to pay any of the monies due under the settlement agreement, and therefore request that the court issue an order to show cause re civil contempt and set the matter for hearing.

In their Motion to Enforce Judgment, Plaintiffs ask that, "pursuant to the provisions of the settlement agreement dated September 2014 and the settlement entered in open court," judgment be entered against the UMC Defendants, jointly and severally, in the amount of $140,000. (Doc. 70.)

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 411 U.S. 375, 378 (1994). Unless the court "embodies the settlement contract in its dismissal order" or "retain[s] jurisdiction over the settlement contract, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id*. at 381-82.

The Order of Dismissal entered by District Judge Donato on July 21, 2014, provides only as follows:

> The parties hereto, by their counsel, having advised the court that they have agreed to a settlement of this cause, IT IS HEREBY ORDERED that this cause of action is dismissed without prejudice; provided, however that if any party hereto shall

> certify to this court, within ninety (90) days, with proof of service thereof, that the agreed consideration for said settlement has not been delivered over, the foregoing order shall stand vacated and this cause shall forthwith be restored to the calendar to be set for trial.
> If no certification is filed, after passage of ninety (90) days, the dismissal shall be with prejudice.

(Doc. 58.)  Plaintiffs did not file a notice to the court within 90 days stating that the agreed settlement had not been delivered over; thus the dismissal of this case was with prejudice as of October 20, 2014.

Nowhere in District Judge Donato's Order of Dismissal does he mention the terms settlement agreement or retain jurisdiction to enforce the settlement agreement.  The order of dismissal therefore does not embody the settlement agreement as required under *Kokkonen* for the creation of jurisdiction over enforcement of the settlement agreement.  *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (where parties filed their settlement agreement with the court and executed a stipulation of dismissal pursuant to FRCP 41(a)(i)(ii), the signed order granting which recited that the dismissal was "[b]ased on the Settlement Agreement amongst the parties," the order of dismissal was found not to "embody the settlement contract" as required under *Kokkonen* for creation of ancillary jurisdiction and case was remanded to be dismissed for lack of jurisdiction).

The settlement agreement in this case contains a provision that, "[i]n the event of a default, or any other dispute arising out of this Settlement Agreement, the parties agree that Magistrate Judge Nandor Vadas shall retain jurisdiction."  (Doc. 63-1, p. 3-4.)   Such an agreement by the parties, however, is insufficient to confer jurisdiction on this court.  *See O'Connor,* 70 F.3d at 532 ("[n]or do the facts that the settlement agreement was filed with the court and that the court supervised the settlement negotiations create jurisdiction.  'The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.'" *Id*. (quoting *Kokkonen*, 70 F.3d at 381)).  Even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (regardless of earlier statement by the settlement judge, the court had not retained jurisdiction over the settlement

agreement where the order of dismissal merely recited: "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice.")

Here, District Judge Donato dismissed this case on the ground that he had been advised that the parties had "agreed to a settlement of this cause."  In light of the above authorities, this language was clearly insufficient to retain jurisdiction over the settlement entered into by the parties.  The court therefore finds that it lacks jurisdiction to address the Petition and Motion by Plaintiffs directed to enforcement of the settlement agreement.

Accordingly, Plaintiffs' Petition and Motion are HEREBY DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: January 29, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge