UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIONG MAN SITU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EUGENE WONG, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05102-JD<br><br>**ORDER DENYING MOTION FOR CORRECTION OF JUDGMENT**<br><br>Re: Dkt. No. 77 |

　　　　Pending before the Court is plaintiffs' motion "for an order amending the July 17 judgment, pursuant to Fed. R. Civ. P. 60(a) and (b) to state that the Court will retain jurisdiction on the settlement agreement and its performance." Dkt. No. 77 at 1.  The Court denies the motion.

　　　　The Court finds no "clerical mistake or a mistake arising from oversight or omission" that needs correction pursuant to Federal Rule of Civil Procedure 60(a).  Plaintiffs rely heavily on the fact that "the settlement terms placed on [the] record contemplated that this Court would retain jurisdiction over the settlement."  Dkt. No. 80 at 2.  But that is not what the record shows.  At the mandatory settlement conference that produced the agreement (but not yet a written settlement agreement), counsel asked Magistrate Judge Nandor Vadas, "I'm not sure that you will be able to retain jurisdiction over any disputes that should arise, but some language to the effect that we can at least come here and attempt to get the result?"  Magistrate Judge Vadas replied, "Normally that's what I would do.  I would retain jurisdiction as the settlement judge *during the pendency of the resolution of the fine points, so to speak*, once the documents are exchanged."  Dkt. No. 78-1 at 9 (emphasis added).  Consequently, even under the terms of plaintiffs' own argument, the Court is not persuaded that the parties clearly placed on the record a mutual desire and understanding that the Court would retain jurisdiction over the performance (as opposed to the negotiation) of the settlement agreement.  The fact that the Court did not retain such jurisdiction in its July 21, 2014

order of dismissal therefore cannot be characterized as a "clerical mistake or a mistake arising from oversight or omission."

Nor does the Court find that relief is warranted under Federal Rule of Civil Procedure 60(b)(1). Plaintiffs argue that the Court issued a judgment "which, if read literally, could not be complied with" because it "required plaintiffs to certify compliance before any payments were due." Dkt. No. 80 at 7. But the July 21 order provided that:

> The parties hereto, by their counsel, having advised the court that they have agreed to a settlement of this cause, IT IS HEREBY ORDERED that this cause of action is dismissed without prejudice; provided, however, that if any party hereto shall certify to this court, within ninety (90) days, with proof of service thereof, that the agreed consideration for said settlement has not been delivered over, the foregoing order shall stand vacated and this cause shall forthwith be restored to the calendar and be set for trial.
>
> If no certification is filed, after passage of ninety (90) days, the dismissal shall be with prejudice.

Dkt. No. 58. The Court's order nowhere "required plaintiffs to certify compliance before any payments were due." Rather, as plaintiffs admit, despite their expectation that "the settlement agreement would be quickly signed based upon the fact that the settlement was placed on the record," it "dragged on . . . for months, which caused this problem." Dkt. No. 78 at 2. Moreover, plaintiffs' counsel "did not read carefully the Court's judgment" and plaintiffs failed to request the judgment be amended before the dismissal became with prejudice. *Id*. Plaintiffs instead filed their present request for the change to the judgment *over six months* after the Court entered it. The Court does not find "just terms" for relief under these circumstances. Fed. R. Civ. P. 60(b)(1).

Perhaps most importantly, the Court is not persuaded that its present ruling will deprive plaintiffs of "the opportunity to present their case or a claim." Dkt. No. 80 at 8. As the Supreme Court has observed, enforcement of a settlement agreement is "more than just a continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). Rather, the facts underlying the alleged breach of settlement agreement and those underlying the merits of plaintiffs' claims in the now-dismissed action "have nothing to do with each other," and it would "neither be necessary nor even particularly efficient that they be adjudicated together" by the same court. *Id*. at 380. Plaintiffs may seek their desired relief in state court, with no loss of

1 efficiency. *See id*. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless
2 there is some independent basis for federal jurisdiction.").

3 Federal courts are courts of limited jurisdiction, and "[i]t is to be presumed that a cause lies
4 outside this limited jurisdiction." *Id*. at 377. Although it is true the Court could have chosen to
5 retain jurisdiction over the performance of the settlement agreement at issue, that it did not was
6 not the result of mistake, oversight or omission, and the Court does not see "just terms" to grant
7 plaintiffs' late request to make that change at this juncture.

8 Plaintiffs' motion is denied.

9 **IT IS SO ORDERED.**

10 Dated: April 8, 2015

_____
JAMES DONATO
United States District Judge